**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Daniel Amsler,**
**Petitioner Below, Petitioner**

**v.)  No. 23-678** (Harrison County No. CC-17-2020-C-276)

**Jonathan Frame, Superintendent,**
**Mt. Olive Correctional Facility and Jail,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

The petitioner, Daniel Amsler, appeals the October 23, 2023, order of the Circuit Court of Harrison County denying his amended petition for a writ of habeas corpus.[1] The petitioner argues that the circuit court erred in failing to find that (1) the investigating officer's testimony at trial, that he asked the petitioner whether he participated in a robbery because one of the petitioner's codefendants said they planned to rob the victim, was inadmissible as a violation of the Confrontation Clause and (2) the petitioner received ineffective assistance of counsel because trial counsel should have objected to the officer's testimony on Confrontation Clause grounds, instead of hearsay grounds, and, further, counsel should have raised the Confrontation Clause issue as plain error in the petitioner's criminal appeal. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

In *State v. Amsler*, No. 19-0908, 2020 WL 201195 (W. Va. Jan. 13, 2020) (memorandum decision), this Court affirmed the circuit court's September 19, 2018, order sentencing the petitioner to a life term of incarceration for first-degree murder and a consecutive term of one to five years of incarceration for conspiracy to commit first-degree robbery. *Id.* at *1. In affirming the petitioner's convictions, this Court rejected, inter alia, the petitioner's argument that the circuit court should have granted his motion for a new trial because it erroneously allowed the State to present the investigating officer's testimony regarding the codefendant's statement that they planned to rob the victim. *Id.* at *3-4. This Court found that the testimony about the codefendant's statement was not offered for the truth of the matter asserted. *Id.* at *4. Instead, the Court

---

[1] The petitioner appears by counsel Jason T. Gain, and the respondent appears by Attorney General John B. McCuskey and Assistant Solicitor General Spencer J. Davenport. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. The current superintendent has been substituted as the respondent. *See* W. Va. R. App. P. 41(c).

determined that "Detective Walsh simply explained the course and direction of the investigation," which was admissible testimony because the State offered it "for the mere purpose of explaining previous conduct." *Id.* (quoting *State v. Phelps*, 197 W. Va. 713, 721-22, 478 S.E.2d 563, 571-72 (1996)).[2]

In November 2020, the petitioner filed a petition for a writ of habeas corpus. The circuit court appointed habeas counsel, who filed an amended petition in October 2022. On March 3, 2023, the circuit court held an omnibus habeas corpus hearing, at which the petitioner and his trial counsel testified. By order entered on November 30, 2023, the circuit court found that the petitioner waived every ground on the *Losh* checklist except two:[3] (1) constitutional error in evidentiary

---

[2] Like the hearsay rule, the Confrontation Clause does not prohibit the admission of statements that are not offered for the truth of the matter asserted. *See State v. Waldron*, 228 W. Va. 577, 581, 723 S.E.2d 402, 406 (2012) ("It is important to emphasize again that, aside from the testimonial versus nontestimonial issue, a crucial aspect of *Crawford*[ *v. Washington*, 541 U.S. 36 (2004)] is that it only covers hearsay, *i.e.*, out-of-court statements offered in evidence to prove the truth of the matter asserted." (internal quotations and citations omitted)); *Crawford*, 541 U.S. at 59 n.9 ("The [Confrontation] Clause also does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." (citing *Tennessee v. Street,* 471 U.S. 409, 414 (1985))).

[3] The checklist of grounds typically used in habeas corpus proceedings, usually referred to as the *Losh* checklist, originates from our decision in *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), wherein we set forth the most common grounds for habeas relief. *See id.* at 768-70, 277 S.E.2d at 611-12. The circuit court found that the petitioner waived the following habeas claims: (1) trial court lacked jurisdiction; (2) statute under which conviction obtained was unconstitutional; (3) indictment shows on its face that no offense was committed; (4) prejudicial pretrial publicity; (5) denial of right to a speedy trial; (6) involuntary guilty plea; (7) mental competency at the time of the crime; (8) mental competency at the time of trial; (9) incapacity to stand trial due to drug use; (10) language barrier to understanding the proceedings; (11) denial of counsel; (12) unintelligent waiver of counsel; (13) failure of counsel to take an appeal; (14) consecutive sentences for the same transaction; (15) coerced confessions; (16) suppression of helpful evidence by prosecutor; (17) State's knowing use of perjured testimony; (18) falsification of transcript by prosecutor; (19) unfulfilled plea bargains; (20) erroneous information; (21) double jeopardy; (22) irregularities in arrest; (23) excessiveness or denial of bail; (24) lack of a preliminary hearing; (25) illegal detention prior to arraignment; (26) irregularities or errors in arraignment; (27) composition of the grand jury or its procedures; (28) failure to provide copy of indictment to defendant; (29) defects in indictment; (30) improper venue; (31) pre-indictment delay; (32) denial of continuance; (33) refusal to subpoena witnesses; (34) prejudicial joinder of defendants; (35) lack of a full public hearing; (36) non-disclosure of grand jury minutes; (37) refusal to turn over witness notes; (38) incompetence at time of the offense as opposed to time of trial; (39) use of informers to convict; (40) jury instructions; (41) prejudicial statements by trial judge; (42) prejudicial statements by prosecutor; (43) sufficiency of evidence; (44) acquittal of a codefendant on the same charge; (45) defendant's absence from part of proceedings; (46) question of actual guilt upon an acceptable guilty plea; (47) severer sentence than expected; (48) excessive sentence; (49) mistaken advice of counsel as to parole or probation eligibility; and (50) amount of time served on sentence (credit for time served).

rulings and (2) ineffective assistance of counsel. The circuit court determined that the two habeas claims raised by the petitioner lacked merit based upon this Court's prior finding that the State offered the investigating officer's testimony about the codefendant's statement for a purpose other than to prove the truth of the matter asserted. *Amsler*, 2020 WL 201195, at *4. Therefore, the circuit court denied the amended petition for a writ of habeas corpus. The petitioner now appeals. We review the circuit court's order "and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, in part, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

The circuit court thoroughly considered and addressed each of the petitioner's claims. Upon our review, we conclude that the petitioner has not satisfied his burden of demonstrating error in the court's rulings, and we find none. *See* Syl. Pt. 2, *Dement v. Pszczolkowski*, 245 W. Va. 564, 859 S.E.2d 732 (2021) ("On an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." (quoting Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973))). Accordingly, we find that the circuit court did not abuse its discretion in denying habeas relief.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 16, 2025

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison